IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER G. SULAK, II, (TDCJ-CID #01986032) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-18-0630 |
| MARTHA BECK, Defendant. | § § § § | |

## MEMORANDUM ON DISMISSAL

Walter G. Sulak, II, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in February 2018, alleging civil rights violations resulting from a denial of adequate medical care and improper work assignment. Sulak, proceeding pro se and in forma pauperis, sues Martha Beck,[1] nurse practitioner at the Jester III Unit.[2]

The threshold issue is whether Sulak's claims should be dismissed as frivolous. The Court concludes that Sulak's claims lack merit and should be dismissed for the reasons stated below.

**I.     The Plaintiff's Allegations**

Sulak asserts that since his incarceration in 2015, he has had serious medical problems with his left leg, including blood clots, ulcers, abscesses, and an MRSA infection. He also states that he

---

[1] Sulak named Nurse Beck as a defendant in Civil Action Number 4:18-0030. In that suit, Sulak complained of a sexual assault by Nurse Beck on April 27, 2017. On July 10, 2018, this Court ordered service of process as to Nurse Beck.

[2] On February 26, 2018, the Eastern District of Texas severed and transferred the claims against Nurse Beck to this Court. (Docket Entry No. 8).

has suffered from back pain following a work accident in 1999 and knee pain since 2010.

Sulak complains that Nurse Beck failed to diagnose and treat his medical conditions. Sulak states that the ulcer on his left leg was obvious, but Nurse Beck failed to order tests for deep vein thrombosis. Sulak complains that he repeatedly requested medical shoes, but Nurse Beck denied his requests. Sulak claims that he should have received knee surgery, a back brace, vein surgery, and work boots. Sulak explains that he requested to be "medically unassignment" or relieved of his work assignment due to medical reasons. Sulak states that he had the following work restrictions: sedentary work; limited standing; no repetitive squatting; no walking on wet or uneven surfaces; four-hour work limit; and no working around machines with moving parts. Despite these restrictions, Sulak complains that he was assigned to work as a janitor, food service, or laundry.

Sulak states that he was seen by medical personnel on the following dates: January 2017; February 2, 12, 21, 23, and 24, 2017; March 3, 10, 15, 17, 20, 30, 2017; and April 11, 12, and 24, 2017. Sulak states that he was examined and received wound care for an ulcer on his leg. He states that he underwent vein surgery. He was also prescribed Warfarin to reduce blood clots and Tegretol for pain. (Docket Entry No. 23, Plaintiff's More Definite Statement, p. 7). He further states that he received Lovenox injections; blood thinners; medical shoes; Ted hose for compression; and wound care. (*Id.* at 5).

Sulak seeks an injunction compelling treatment by a qualified medical professional. He further seeks unspecified compensatory and punitive damages.

**II.    Standard of Review**

A district court must sua sponte dismiss a prisoner's IFP § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is

2

immune. 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B)(I), the court may dismiss an in forma pauperis complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998)). The court may dismiss the claim "'before service of process or before the filing of the answer' as long as certain safeguards are met." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)). The Fifth Circuit reviews such dismissals for abuse of discretion. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

### III. The Medical Care Claim

"[I]nadequate medical care by a prison doctor can result in a constitutional violation for purposes of a § 1983 claim when that conduct amounts to deliberate indifference to [the prisoner's] serious medical needs, constitut[ing] the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999)(quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). Under the "deliberate indifference" standard, a prison official is not liable for the denial of medical treatment "unless the official knows of and disregards an excessive risk to inmate health or safety." *Stewart*, 174 F.3d at 534 (citing *Estelle*, 429 U.S. at 104). While malpractice and negligent treatment do not rise to the level of a constitutional tort, *see Mendoza v.*

*Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993), a claim of "unnecessary and wanton infliction of pain repugnant to the conscience of mankind," can state a claim of a constitutional tort. *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997) (citing *Estelle,* 429 U.S. at 105-106).

In *Estelle,* the Supreme Court concluded:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle,* 429 U.S. at 104-05.

To state an Eighth Amendment claim, a plaintiff must allege a deprivation of medical care sufficiently serious to show that "the state has abdicated a constitutionally-required responsibility to attend to his medical needs," *Bienvenu v. Beauregard Parish Police Jury,* 705 F.2d 1457, 1460 (5th Cir. 1983), and that a prison official knew of and disregarded "an excessive risk to inmate health or safety." *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). "For an official to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Smith v. Brenoettsy,* 158 F.3d 908, 912 (5th Cir. 1998)(quoting *Farmer,* 511 U.S. at 837). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk." *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994)(citing *Farmer,* 511 U.S. at 842 & n.8).

Under the facts alleged by Sulak, this standard is not met. Sulak has not demonstrated that

the medical care provided to him posed a substantial risk to his future health. By his own admissions, Sulak was examined on several occasions and prescribed medications. Such evidence of examinations and treatment negate Sulak's claim of deliberate indifference. *Bass v. Sullivan*, 550 F.2d 229 (5th Cir. 1977).

Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson*, 759 F.2d at 1238. Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838. Therefore, Sulak's claims should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

Sulak also complains that TDCJ-CID medical personnel failed to prescribe medical shoes or black work boots[3] and terminate his work assignment for medical reasons. "Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimizana*, 122 F.3d 286, 292 (5th Cir. 1997).

As noted, medical records of examinations, diagnoses, and medications rebut Sulak's

---

[3] From the pleadings, it is not clear if "medical shoes" and "black work boots" are two different items. (Docket Entry No. 23, Plaintiff's More Definite Statement, p. 6).

5

allegations of deliberate indifference. *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993). As noted, Sulak admits that he was seen by medical personnel on several occasions. Though Sulak complains of the denial of medical shoes, he does state that on at least one occasion, he did receive such shoes. (Docket Entry No. 23, Plaintiff's More Definite Statement, p. 5). Sulak has not alleged facts demonstrating that the defendant was aware of, and disregarded, a substantial risk of harm to Sulak. Nor did he suffer substantial harm as a result of not receiving work boots or being medically unassigned.

To establish an Eighth Amendment claim for denial of medical care, the inmate must show deliberate indifference to "serious" medical needs, "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Constitutionally adequate care does not, however, ensure that an inmate will agree with every treatment decision. *Estelle*, 429 U.S. at 107-08.

To succeed on his claims of denial of medical care, Sulak must show (1) deliberate indifference (2) to a serious medical need. Accepting Sulak's claims as true, he had a serious medical need. The question is thus whether he has shown that the defendant was deliberately indifferent to that need.

Sulak has not alleged facts demonstrating that Nurse Beck was aware of, and disregarded, a substantial risk of harm to Sulak. Nor did he suffer substantial harm as a result of the alleged delay in providing work boots and terminating his work assignment. Thus, Sulak's claim based on deliberate indifference to his serious medical needs is DISMISSED as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

## IV. The Improper Work Assignment Claim

In *Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989), the Fifth Circuit held that "[i]f prison officials knowingly put [a prisoner] on a work detail which they kn[o]w would significantly aggravate his serious physical ailment such a decision would constitute deliberate indifference to serious medical needs," and thus violate the Eighth Amendment. *Id.* at 1246; *see also Mendoza v. Lynaugh*, 989 F.2d 191, 194 (5th Cir. 1993) ("To be sure, if prison officials assign an inmate to work detail and they know that such an assignment could exacerbate a serious physical ailment, then such a decision could constitute deliberate indifference." (citing *Jackson*, 864 F.2d at 1246)). "[T]he constitutionality of a particular working condition must be evaluated in the light of the particular medical conditions of the complaining prisoner." *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989).

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court clarified the level of culpability that constitutes "deliberate indifference" as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. Allegations of more than negligence are required. *See Farmer*, 511 U.S. at 835 ("While ... deliberate indifference entails something more than mere negligence, the cases are also clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.").

In *Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994), the plaintiff testified at a *Spears* hearing

7

that when detention officers ordered him to clean floor caulking, the plaintiff told the officers that he physically could not do the work and had medical restrictions from an earlier back injury. One of the officers threatened the plaintiff with a disciplinary report for failure to obey a direct order if he failed to do the cleaning. As plaintiff worked at the cleaning job, his back began to hurt. The officers kept telling him to continue working without stopping, even after the plaintiff informed them of his pain. While the plaintiff continued with this work, his pain increased. At some point, he developed pain in his lower abdomen. The plaintiff finally left the wing after he observed a lump form on his abdomen. Subsequent medical examinations revealed that Reeves had a hernia. The plaintiff testified that if any one of these officers had checked into his medical restrictions, the onset of the hernia could have been avoided.

The Fifth Circuit concluded that even under the facts alleged, the deliberate indifference standard was not met. Even if the officers had checked, there were no current medical restrictions on the prisoner for his back. There was no objective indication that the prisoner had a hernia. The court concluded that even though the prisoner complained of pain, the officer's insistence that he work amounted to no more than negligence. *See Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (defining "wanton").

Sulak complains that he was forced to perform work despite his medical condition. This Court construes Sulak's allegations liberally because he is a pro se litigant. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

In *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94 (5th Cir.), *cert. denied*, 513 U.S. 883 (1994), the Fifth Circuit noted that when a court provides a plaintiff proceeding in forma pauperis with an opportunity to amend his complaint by answering a questionnaire, this opportunity

"limits our license to engage in speculation as to the existence of additional facts." *Id.* at 97. The questionnaire in *Macias* contained questions that "were specifically tailored to elicit relevant facts that might support [the plaintiff's] claims." *Id.*

Similarly, the interrogatories posed by this Court in its questionnaire asked for information concerning the defendant's statements, conduct, and her knowledge of Sulak's condition. (Docket Entry No. 20, Order for More Definite Statement, pp. 1-6). Sulak has had an opportunity to clarify his allegations with respect to Nurse Beck's state of mind. This Court has provided Sulak an opportunity to state his allegations more specifically. *See Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994) (holding that district court abused its discretion in dismissing in forma pauperis complaint without providing plaintiff with opportunity to offer more detailed factual allegations); *see also Mitchell v. Sheriff Dep't, Lubbock Cnty., Tex.*, 995 F.2d 60, 62-63 (5th Cir. 1993) (vacating and remanding district court's § 1915(d) dismissal of in forma pauperis complaint because plaintiff's allegations were unclear).

Sulak's complaint does not contain allegations of more than negligence. According to Sulak,

> I was given a job even though medically unassigned and it was taken away but restrictions never changed. Sedentary work; limited standing; no repetitive squatting; no walking on wet or uneven surfaces; four-hour work limit; and no working around machines with moving parts. I keep getting assigned to janitor jobs, food service or laundry, none of which I should be in. Claims of pain and suffering ignored.

(Docket Entry No. 23, Plaintiff's More Definite Statement, p. 4).

Liberally construed, Sulak asserts that Nurse Beck exposed him to an unreasonable risk of harm to his health by failing to impose proper medical restrictions on his work assignment and requiring that he work as a janitor, in food service, and in the laundry service. This Court reviews

9

the constitutionality of assigning Sulak to the jobs in light of Sulak's medical history. *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989). Medical personnel evaluated Sulak's physical condition and imposed the following work restrictions: sedentary work; limited standing; no repetitive squatting; no walking on wet or uneven surfaces; four-hour work limit; and no working around machines with moving parts.

From the pleadings, it appears that medical personnel determined that Sulak could safely work in janitorial service, food service, or laundry service with the mentioned work restrictions. Even if Sulak's allegations are taken as true, he has not alleged a constitutional violation, as he does not allege that Nurse Beck knowingly forced him to perform work assignments which were inconsistent with his work restrictions or that she knowingly imposed work restrictions that were beyond his physical capabilities. *See Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989); *Mendoza v. Lynaugh*, 989 F.2d 191, 194 (5th Cir. 1993). Even if Nurse Beck was negligent in establishing his work restrictions or making his job assignment, such negligence is not unconstitutional. *See Jackson*, 864 F.2d at 1246.

Although Sulak claims to have a history of problems with his left leg, back, and knee, he has failed to show that Nurse Beck knowingly assigned him to a work assignment knowing that the classification would significantly aggravate his condition. Nurse Beck was apparently aware of Sulak's limited mobility because she imposed work restrictions of sedentary work; limited standing; no repetitive squatting; no walking on wet or uneven surfaces; four-hour work limit; and no working around machines with moving parts.

Nurse Beck took steps to ensure that Sulak was not placed in a work assignment that would aggravate his existing medical conditions. Sulak's disagreement with his medical classification does

not state a constitutional claim. *See Wilson v. Budney,* 976 F.2d 957, 958 (5th Cir. 1992); *Jackson v. Cain,* 864 F.2d 1235, 1246 (5th Cir. 1989). Sulak does not allege that Nurse Beck was aware of a substantial risk that Sulak might be seriously harmed by working in the janitorial service, food service, or laundry service.

Sulak has not alleged facts that, if proven, would show that Nurse Beck knew of, and disregarded, a substantial risk to Sulak's health and safety. From the pleadings, it appears that prison officials were aware of Sulak's medical restrictions and were taking steps to ensure that his work assignment was consistent with those medical restrictions.

The facts Sulak alleges do not demonstrate that he faced an obvious risk to his health or safety in working in janitorial service, food service, or laundry service. Sulak's claim is "premised on an 'indisputably meritless legal theory,'" *Boyd v. Biggers,* 31 F.3d 279, 281 (5th Cir. 1994)(quoting *Neitzke,* 490 U.S. at 327), in light of the *Farmer* standard for deliberate indifference and the Fifth Circuit's holding in *Jackson,* 864 F.2d at 1246.

Sulak's improper work assignment claim lacks an arguable basis in law and is dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

V.    **Conclusion**

The action filed by Walter G. Sulak, II (TDCJ-CID Inmate #01986032) lacks an arguable basis in law. His claims are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are denied as moot.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Sulak's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on   NOV 2 6 2018   .

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE